**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN ANYANWU &** | § | |
| **ESTHER ANYANWU,** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| ***v.*** | § | **Civil Action No. 3:14-CV-2638-M-BK** |
| | § | |
| **BANK OF AMERICA, N.A.,** *et al.*, | § | |
|     **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  The Court now considers Defendant's *Motion to Dismiss*, Doc. 13.  For the reasons that follow, it is recommended that the motion be **GRANTED.**  However, the Court recommends that <u>limited</u> leave to amend also be granted.

## I.  BACKGROUND

Proceeding without the assistance of counsel, Plaintiffs John and Esther Anyanwu filed this suit against Defendant Bank of America, N.A., in connection with the foreclosure sale of their property.  Doc. 3.  In their complaint, Plaintiffs allege that the loan terms were misrepresented, obscured, and modified at the time of executing the loan.  Doc. 3 at 2.  Plaintiffs mostly complain that despite applying for the "Making Homes Affordable" program, Defendant did not reduce their interest rate or principal amount owed.  Doc. 3 at 2.  Among other things, Plaintiffs state that they mailed a qualified written request ("QWR") to Defendant and did not receive a "complete" reply.  Doc. 3 at 3.

Plaintiffs assert claims of, *inter alia*, Real Estate Settlement Procedures Act ("RESPA") violations, unjust enrichment, and fraud.  Doc. 3 at 3-4.  Plaintiffs request damages, costs, and reasonable legal fees, as well as statutory damages for each violation of 12 U.S.C. § 2605(e).

Doc. 3 at 3.  On April 10, 2015, Defendant moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.   LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555.  When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

## III.   DISCUSSION

Defendant argues that Plaintiffs' complaint does not satisfy Rule 8 of the Federal Rules of Civil Procedure because it is conclusory and lacks a short and plain statement of the grounds that entitle them to relief.  Doc. 14 at 3-4.  Defendant asserts that Plaintiffs have offered no

factual enhancement in support of their unjust enrichment claim, and even if they did, such claim is unavailable to them because a valid contract exists in the deed of trust. Doc. 14 at 4. Defendant further contends that Plaintiffs' RESPA claims must be dismissed because Plaintiffs did not attach a copy of the QWR with the complaint, and have not alleged (1) that the QWR contained any of the required contents as described in Section 2605(e)(1)(B); (2) that Defendant failed to acknowledge the alleged QWR; or (3) what was missing from Defendant's response. Doc. 14 at 4-5. Defendant also contends that Plaintiffs have failed to plead their fraud and forgery claims with particularity as required by Rule 9(b), but that, in any event, Plaintiffs' fraud allegations indicate that the alleged conduct took place "prior to closing," so the statute of limitations has long been expired. Doc. 14 at 5-6. Lastly, Defendant argues that Plaintiffs' claims for "shady billing and bookkeeping practices" fail because no such cause of action exists under Texas law. Doc. 14 at 7. In their brief response, Plaintiffs fail to address Defendant's arguments, and merely assert that Defendant violated 35 sections of RESPA and the deed of trust contains all information required to plead a claim for constructive fraud with particularity. Doc. 15 at 1-2.

As an initial matter, there is no cause of action for "shady billing and bookkeeping practices," and Plaintiffs have offered no authority for such. Furthermore, as Defendant notes, unjust enrichment is unavailable when a valid contract, such as the Deed of Trust, governs the subject matter of the dispute. Doc. 14 at 4 (quoting *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449 (5th Cir. 2001)). Moreover, Plaintiffs' claims for "allonge" and "forgery," which are only mentioned in their list of causes of action, are devoid of any factual enhancement or legal basis. *See* Black's Law Dictionary 88 (9th ed. 2009) (an "allonge" is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving

... indorsements"). Thus, to the extent they are attempts to state claims, all should be **DISMISSED WITH PREJUDICE**.

### A.  RESPA

Plaintiffs assert claims under section 2605(e) of RESPA. That section governs a loan servicer's duty to respond to a borrower's QWR for information about the servicing of a "federally related mortgage loan." 12 U.S.C. § 2605(e). In their complaint, Plaintiffs aver in a conclusory fashion that Defendant's response to their QWR was incomplete. Plaintiffs allege no additional facts in support of their RESPA claim, and, in their response to the motion to dismiss, they merely state that "Bank of America violated all 35 items listed in RESPA." Furthermore, Plaintiffs have not alleged what damages, if any, resulted from Defendant's alleged inadequate response to their RESPA requests. Thus, they have failed to sufficiently allege a violation of Section 2605(e) of RESPA, and this claim is subject to **DISMISSAL**.

### B.  Fraud

Under Texas law, the elements of fraud are: "(1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury." *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Additionally, under Rule 9(b) of the Federal Rules of Civil Procedure, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." In the Fifth Circuit, "[p]leading fraud with particularity . . . requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v.*

*WMX Techs., Inc., 112 F.3d 175, 177 (5th Cir.1997) (*quoting *Tuchman v. DSC Commc'ns Corp.,
14 F.3d 1061, 1068 (5th Cir.1994))*.

Here, Plaintiffs have not only failed to meet the heightened pleading requirements to
allege fraud, but have failed to plead *any* of the elements of fraud.  Plaintiffs' conclusory
allegation that "Bank of America told us they had 'money' to lend and they did not" is not
sufficient to state a claim.  Doc. 3 at 3.  Moreover, notably absent from Plaintiffs' complaint is
the date the loan was executed, making it impossible to determine whether, as Defendant argue,
statute of limitations bars this claim.  Accordingly, Plaintiffs' claim for fraud is subject to
dismissal.

## IV.  LEAVE TO AMEND

A court may dismiss a claim that fails to meet the pleading requirements, but "it should
not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff
has failed to plead with particularity after repeated opportunities to do so."  *Hart v. Bayer Corp.,
199 F.3d 239, 248* n.6 (5th Cir. 2000); *see also Brown v. Texas A&M Univ.*, 804 F.2d 327, 334
(5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry
beggar searching a pantry for the last morsel of food, and have determined that 'even the most
sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject
the present defendants to liability,' we must remand to permit plaintiff to amend his claim if he
can do so.").

Although Plaintiffs have not provided sufficient factual enhancement for their RESPA,
and fraud claims, they are proceeding without the assistance of counsel and have not previously
been granted leave to amend their complaint.  Thus, before dismissing their claims, Plaintiffs
should be given the opportunity to amend the complaint to allege specific facts or occurrences

5

that implicate Defendant.  S*ee Jacquez v. Procunier, 801 F.2d 789, 792 (5th Cir. 1986)*

(dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily

unjustified).

### V.   CONCLUSION

Accordingly, it is recommended that Defendant's *Motion to Dismiss*, Doc. 13, be

**GRANTED IN PART**.  All of Plaintiffs' claims, save their RESPA and fraud claims, should be

**DISMISSED WITH PREJUDICE**.  As to Plaintiffs' RESPA and fraud claims only, Plaintiffs

are granted until **August 20, 2015**, to amend those claims to cure the deficiencies noted herein.

Should they fail to do so, those claims should also be **DISMISSED WITH PREJUDICE**, *sua*

*sponte* or upon the timely re-urging of Defendant.

**SO RECOMMENDED** on August 5, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE