**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JOHN ANYANWU & § | |
| ESTHER ANYANWU, § | |
|     Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:14-CV-2638-M-BK |
| § | |
| BANK OF AMERICA N.A., *et al.*, § | |
|     Defendants. § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTATE JUDGE**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The Court now considers Defendants' *Motion to Dismiss Plaintiff's Amended Complaint*, Doc. 20. For the reasons that follow, it is recommended that the motion be **GRANTED,** all of Plaintiffs' claims be **DISMISSED WITH PREJUDICE**, and this case be **CLOSED**.

Proceeding without the assistance of counsel, Plaintiffs John and Esther Anyanwu filed this suit against Defendant Bank of America, N.A., in connection with the foreclosure of their property. Doc. 3. In their original complaint, Plaintiffs assert violations of the Real Estate Settlement Procedures Act ("RESPA"), unjust enrichment, and fraud. Doc. 3 at 3-4. On August 5, 2015, this undersigned recommended that all of Plaintiffs claims be dismissed with prejudice, except their RESPA and fraud claims, and that Plaintiffs be granted limited leave to amend their complaint to allege more specific facts or occurrences that implicate Defendants. Doc. 18 at 5. Such recommendation is still pending before the District Judge. On August 18, 2015, Plaintiffs filed an amended complaint. Doc. 19. In the motion *sub judice*, Defendants now move to dismiss Plaintiffs' amended complaint.

In their amended complaint, Plaintiffs wholly abandoned their claims of fraud and violations under RESPA. Doc. 19. *See Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994)). That notwithstanding, even under the most liberal construction of the amended complaint, Plaintiffs have again failed to state facts that, when taken as true, could plausibly support a claim of fraud and violations under RESPA. *Erickson v Pardus*, 551 U.S. 89, 94 (2007) (holding *pro se* litigants pleadings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers). Indeed no claim of fraud or RESPA violation is even mentioned. Doc. 19. Thus, Plaintiffs' amended complaint does not contain direct allegations on every material point necessary to sustain a recovery, nor does it contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial. Doc. 19; *Rios v. City of Del Rio*, 444 F.3d 417, 420-21 (5th Cir. 2006) (citing *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995)). Accordingly, Defendants are entitled to dismissal of all claims.

Generally a district court errs in dismissing *pro se* claims under Rule 12(b)(6) for failure to state a claim without giving the plaintiff an opportunity to amend. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam). However, allowing leave to amend is not required if the *pro se* plaintiff has already plead his "best case." *Bosarge*, 796 F.3d at 443. Here, the Court has already pointed out to Plaintiffs the deficiencies in their pleadings and ordered them to amend their complaint to cure the same, Doc. 18, still they have failed to state a cognizable claim. Indeed, inexplicably, they abandoned the very claims the Court permitted

them leave to amend.  Thus, the Court concludes that further leave to amend is not required here, where Plaintiffs had ample opportunity to plead their best case.  *See Bosarge*, 796 F.3d at 443-44 ("Bosarge has had an opportunity to plead his best case, and his claims under federal law should be dismissed.")

For the foregoing reasons, it is recommended that Defendants' *Motion to Dismiss*, [Doc. 20](Doc. 20), be **GRANTED**, Plaintiffs' remaining claims be **DISMISSED WITH PREJUDICE**, and this case be **CLOSED**.

**SIGNED** December 4, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE